UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL W. KAPETAN,          )<br>                                              )<br>     Petitioner,                   )<br>                                              )<br>vs.                                         )<br>                                              )<br>BRIAN E. WILLIAMS, JR., *et al.*,   )<br>                                              )<br>     Respondents.               )<br>_____/ | 3:11-cv-00282-RCJ-VPC<br><br>**ORDER** |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss certain claims within the amended petition. (ECF No. 59). Also before the Court are several motions filed by petitioner (ECF No. 58, 67, 71, 72, 73, 77).

**I. Procedural History**

In 1997, petitioner pled guilty to two counts of felony DUI in Washoe County, Nevada. (Exhibit 3). At the time, the 1997 offenses constituted a felony under NRS 484.3792(1)(c)[1] because

---

[1] Former NRS 484.3792 can now be found at NRS 484C.400 and NRS 484C.410. To avoid confusion, the Court refers to the statute by its former citation throughout this order.

petitioner had two DUI convictions for offense that occurred in the preceding seven years (September 14, 1990, and April 4, 1994).  (Exhibit 3).[2]

In 2005, the Nevada Legislature passed Assembly Bill 421, which amended NRS 484.3792. The amendments included a felony enhancement for a DUI offense committed by a person previously convicted of a felony DUI, regardless of how much time has passed since the prior felony DUI conviction.  *See* 2005 Stat. of Nev. 603, 608; Minutes of the Senate Committee on Transportation and Homeland Security, 73d Nev. Leg. Sess. (May 12, 2005) ("Assembly Bill 421: Provides that once [a] person has been convicted of [a] felony for operating [a] vehicle or vessel while under the influence of alcohol or controlled substance, any subsequent violation is treated as a felony.").

On April 25, 2008, the State of Nevada filed a criminal information in the Fourth Judicial District Court for the State of Nevada in and for the County of Elko, charging petitioner with a DUI for an offense that occurred on June 17, 2007.  (Exhibit 18).  The State charged the offense as a felony under NRS 484.3792, listing petitioner's 1997 felony DUI conviction from Washoe County for the purpose of enhancement.  (Exhibit 18).

On July 7, 2008, petitioner filed a pretrial petition for a writ of habeas corpus in the state district court, challenging the validity of the criminal information.  (Exhibit 24).  Petitioner noted that the law governing DUI in Nevada, as it existed when he pled guilty in 1997, only allowed for use of prior DUI convictions for a period of seven years.  (*Id.*).  Petitioner argued that his 1997 felony DUI convictions "expired" for purposes of enhancement, in 2004, and could not be used to enhance his 2007 offense to a felony.  (*Id.*, at p. 16).

---

[2] The exhibits referenced in this order are found in the Court's record at ECF Nos. 19-21.

2

On July 8, 2008, petitioner filed a motion in limine and a motion to strike, seeking to preclude the State from introducing evidence results from tests of petitioner's blood obtained at the time of his arrest. (Exhibit 25). Petitioner argued that the state district court should exclude the blood test results because the chain of custody was inadequate to establish a foundation for its admission at trial. (Exhibit 25, at pp. 3-4).

After conducting a hearing on both the pretrial petition for a writ of habeas corpus and on the motion in limine and motion to strike, the state district court denied the petition and motions. (Exhibits 32, 33, 34). Subsequently, petitioner renewed his motion in limine. (Exhibit 42, at p. 3). The state district court conducted a second hearing on the motion in limine on April 1, 2009 – the state district court again denied the motion in limine. (Exhibits 42-43).

On July 30, 2009, the State filed an amended criminal information that included a contingent notice of intent to pursue an allegation of habitual criminality under NRS 207.010(1)(b). (Exhibit 44). The amended criminal information identified two additional prior felony DUI convictions for purposes of enhancement under NRS 484.3792. (Exhibit 44, at p. 2). The amended criminal information also identified four prior felony DUI convictions and an additional conviction for armed robbery as the basis for pursuing the habitual offender finding. (Exhibit 44, at pp. 3-4).

On August 10, 2009, the state district court held a hearing for petitioner to enter a change in plea. (Exhibit 45). Petitioner and the State reached an agreement that petitioner would plead guilty to felony DUI and in exchange the State would not pursue the habitual offender finding and would stand silent at sentencing. (Exhibit 46, at p. 1). The State also agreed to petitioner conditioning the entry of his plea upon the resolution of an appeal of the state district court's decision denying the pretrial petition for a writ of habeas corpus, the motion in limine, and the motion to strike. (Exhibit 46, at pp. 1-2).

On August 12, 2009, the State filed an offer of proof addressing petitioner's four prior felony DUI convictions. (Exhibit 48). The state district court proceeded to sentencing on October 5, 2009,

and the State presented the judgments of conviction from each of petitioner's four prior felony DUI convictions without objection from petitioner. (Exhibit 49). The state district court then found petitioner guilty of felony DUI, and sentenced him to twenty-eight to seventy-two months in the custody of the Nevada Department of Corrections, and ordered him to pay a fine of $2,000.00. (Exhibit 49, at pp. 4-5, 8). The state district court entered judgment on October 23, 2009. (Exhibit 50).

Petitioner filed a notice of appeal on November 17, 2009. (Exhibit 51). Petitioner filed his fast track statement on February 1, 2010, asserting two grounds on appeal: (a) the felony charge is void for alleging a felony DUI based on enhancement for prior felony DUI's that had expired as they were beyond seven years old; and (b) the district court erred in not suppressing evidence of the blood sample obtained from Daniel Kapetan. (Exhibit 63, at p. 3). The Nevada Supreme Court issued an order of affirmance on June 9, 2010. (Exhibit 65). Remittitur issued on July 7, 2010. (Exhibit 66).

On August 2, 2010, petitioner filed a *pro per* motion for an extension of time in which to file a petition for rehearing in the Nevada Supreme Court. (Exhibit 67). Although the State did not oppose the motion and petitioner had not received leave of court to file documents in *pro per*, the Nevada Supreme Court considered and denied the motion by order filed August 16, 2010, because petitioner "failed to demonstrate that an 'inadvertence, mistake of fact, or an incomplete knowledge of the circumstances of the case on the part of the court or its officers, whether induced by fraud or otherwise, has resulted in an unjust decision.' Wood v. State, 60 Nev. 139, 141, 104 P.2d 187, 188 (1940)." (Exhibit 72). Petitioner moved for a similar extension of time in the state district court, which the court denied for lack of jurisdiction. (Exhibits 70 & 73).

Petitioner filed a petition for a writ of certiorari with the United States Supreme Court on September 7, 2010. (Exhibit 78). The state district court issued an order imposing sentence on September 28, 2010. (Exhibit 79). The United States Supreme Court denied the petition for a writ of certiorari on November 15, 2010. (Exhibit 83).

1  Although the original federal petition does not indicate when petitioner mailed it for filing,
2  the signature page and declaration of the federal petition indicates that it was signed on April 15,
3  2011. (ECF No. 4, at pp. 1, 37-38). On June 17, 2011, this Court ordered a response to the petition.
4  (ECF No. 3). Respondents filed a motion to dismiss the petition on September 29, 2011, in which
5  they argued, among other things, that some claims in the petition were unexhausted. (ECF No. 18).
6  Petitioner filed a response to the motion to dismiss and a motion to amend the petition. (ECF No. 27
7  & 28). In that document, petitioner stated that his desire to file an amended petition that included
8  only unexhausted claims. (*Id.*, at p. 9). On October 25, 2011, respondents filed a statement of non-
9  opposition to petitioner's motion to file an amended petition. (ECF No. 30). Petitioner filed an
10 amended petition on January 17, 2012. (ECF No. 37). By order filed September 21, 2012, this
11 Court granted petitioner's motion to file an amended petition and denied respondents' motion to
12 dismiss as moot. (ECF No. 52). In that same order, the Court granted respondents' motion for Brian
13 E. Williams, Jr. to be substituted for and in place of respondent James Cox, because Williams has
14 succeeded Cox as warden of Southern Desert Correctional Center. (*Id.*).

15 In the amended petition, petitioner seeks to challenge a 2009 conviction for felony driving
16 under the influence pursuant to former NRS 484.3792. The amended petition asserts a single ground
17 for relief that contains two sub-parts: Ground 1(A) challenges petitioner's conviction as a violation
18 of prior plea agreements and Ground 1(B) asserts an *ex post facto* violation. (ECF No. 37, at p. 5,
19 33). Respondents move to dismiss certain grounds the amended petition, *inter alia*, as untimely.
20 (ECF No. 59). Petitioner has opposed the motion. (ECF No. 65). Respondents have filed a reply.
21 (ECF No. 66). Additionally, petitioner has filed several motions, which the Court addresses first.
22 **II. Discussion**
23    **A. Petitioner's Motions**
24 Petitioner has filed a motion seeking issuance of a writ of habeas corpus. (ECF No. 58). In
25 his motion, petitioner seeks a default judgment in this case. Petitioner's motion is denied, as a
26

petition for a writ of habeas corpus cannot be granted on default. *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990).

Petitioner filed a motion seeking re-issuance of the *Klingele* minute order entered in this case. (ECF No. 67). Respondents' motion to dismiss the amended petition was filed on December 5, 2012. (ECF No. 59). The next day, on December 6, 2012, this Court issued a minute order pursuant to *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), which was sent to petitioner's then address of record, at the Southern Desert Correctional Center. (ECF No. 60). On December 12, 2012, petitioner filed a notice of change of address with the Court. (ECF No. 61). The envelope containing the notice was returned undelivered on December 17, 2012, with markings on the envelope indicating that petitioner had paroled. (ECF No. 63). On December 18, 2012, respondents filed an amended certificate of service, indicating that they served the motion to dismiss on petitioner at his address in Reno, Nevada. On December 26, 2012, petitioner filed an opposition to the motion to dismiss. (ECF No. 66). On January 15, 2013, petitioner filed a motion for re-issuance of the *Klingele* order "so that he can file an opposition to the motion to dismiss amended petition in a timely manner." (ECF No. 67, at p. 2). Because petitioner has already filed an opposition to the motion to dismiss, which the Court deems as timely, and respondents have filed a reply to petitioner's opposition, briefing on the motion is complete. Local Rule 7-2. Respondents make no challenge to the timeliness of petitioner's opposition. (*See* ECF No. 70). As re-issuance of the order is unnecessary, and the briefing on the motion to dismiss is complete under Local Rule 7-2, petitioner's motion is denied.[3]

Petitioner has filed motions to strike respondents' pleadings. Specifically, petitioner has filed a motion to strike respondents' errata (ECF No. 71), motion to strike the corrected reply (ECF No.

---

[3] Additionally, petitioner was served with a *Klingele* order on September 30, 2011, thus petitioner was apprised of the contents of the order. (ECF No. 24).

6

72), and motion to strike respondents' opposition to the motion to re-issue the *Klingele* order (ECF No. 73). Petitioner's motions lack merit and are denied.

Petitioner has filed a motion to compel a ruling. (ECF No. 77). Petitioner's motion is now denied as moot.

**B. Respondents' Motion to Dismiss**

    **1. Ground 1(A)**

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

1    Although 28 U.S.C. § 2244(d)(2) provides for tolling of the AEDPA statute of limitations
2    when "a properly filed application for state post-conviction or other collateral review with respect to
3    the pertinent judgment or claim is pending," the filing of a federal petition does not toll the AEDPA
4    statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). In this case, because
5    petitioner sought a petition for a writ of certiorari from the United States Supreme Court following
6    the Nevada Supreme Court's order of affirmance on direct appeal, the AEDPA statute of limitations
7    began running the day after the United States Supreme Court denied the petition for writ of
8    certiorari. Accordingly, the AEDPA statute of limitations began running on November 16, 2010.
9    (Exhibit 83). Because petitioner did not file a state post-conviction petition, he is not entitled to
10   statutory tolling under 28 U.S.C. § 2244(d)(2). As a result, the AEDPA statute of limitations expired
11   on November 16, 2011. The amended petition does not indicate on what date petitioner mailed it to
12   the Court for filing.[4] The amended petition was received and filed in this Court on January 17, 2012.
13   (ECF No. 37). The amended petition and accompanying declaration were signed by petitioner on
14   January 4, 2012. (ECF No. 37, at pp. 43-44). As such, the earliest date on which the amended
15   petition could been dispatched for mailing and deemed filed is January 4, 2012.[5] Petitioner filed his
16   amended petition after the statute of limitations expired. Therefore, the Court must determine if the
17   claims raised in the amended petition relate back to the original petition, pursuant to *Mayle v. Felix*,
18   545 U.S. 644, 664 (2005).

19   Under Federal Rule of Civil Procedure 15, an amended pleading "relates back" to the original
20   pleading only if the acts described in the amended pleading are set forth in the original pleading.
21   Fed. R. Civ. P. 15(c)(2). An amended habeas petition only relates back if the amended claims are

---

[4] The amended petition states that petitioner mailed his original petition on April 18, 2011. (ECF No. 37, at p. 2). Petitioner does not indicate the date on which he mailed the amended petition.

[5] Under the prison mailbox rule of *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), a federal habeas petition is deemed filed at the time the prisoner delivers it to prison authorities for mailing to the clerk of the court.

tied to the "same core of operative facts" as alleged in the original petition. *Mayle v. Felix*, 545 U.S. 644, 664 (2005). In *Mayle*, the petitioner originally raised only a Confrontation Clause claim in his habeas petition, based on the admission of video-taped prosecution witness testimony. 545 U.S. at 648-49. After the one-year AEDPA statute of limitations had passed, petitioner then sought to amend his habeas petition to allege a Fifth Amendment claim based on coercive police tactics used to obtain damaging statements from him. *Id.* The factual basis for each claim was distinct. Petitioner then argued that his amended claim related back to the date of his original habeas petition because the claim arose out of the same trial, conviction or sentence. *Id.* at 659-661. In rejecting petitioner's argument the Supreme Court held that if "claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Id.* at 662.

The *Mayle* decision placed particular emphasis on the specific pleading requirement in Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts and the word "occurrences" within Fed. R. Civ. P. 15(c). The focus of Rule 2(c) of the federal habeas rules and the fact that notice pleading is insufficient to satisfy the specific pleading requirement demonstrates that conclusory allegations from the original petition that do not point to any specific facts that, if proven to be true, would entitle a petitioner to relief may not be relied upon for relation back purposes in the habeas context. *Mayle*, 545 U.S. at 656-61. In other words, the amended claim must rely on the same common core of operative facts as the facts pled in the original petition. If the original petition is merely conclusory and fails to point to operative facts – facts that would entitle the petitioner to relief if proven to be true – the conclusory allegations from the original timely petition are insufficient to satisfy *Mayle*'s standard for relation back.

The *Mayle* Court's focus on the word "occurrences" and its relationship to the specific pleading requirement demonstrates that the key focus of the *Mayle* standard is whether the claims in an untimely amended petition rely on a factual predicate that differs in time or type from the factual

9

predicate that underlies the claims in the original, timely petition. *Id.; see also Schneider v. McDaniel*, 674 F.3d 1144, 1151-52 (2012). Furthermore, that a claim shares some facts in common with previous claims is insufficient; the entire factual predicate of the amended claim must relate back to the original petition to avoid dismissal under 28 U.S.C. § 2244(d). *Schneider*, 674 F.3d at 1151. Accordingly, any claims relying on a factual predicate that are not related in both time and type to the facts pled in the original petition will not relate back and are time-barred.

As the result of the above-described analysis, the Supreme Court found that the Fifth Amendment self-incrimination claim did not relate back to the Sixth Amendment Confrontation Clause claim. *Mayle*, 545 U.S. at 649-50, 660-61. In reaching this conclusion, the Court focused not on the ultimate event that led to the ripening of petitioner's constitutional claims, but the distinction between the factual predicate to each claim. *Id.* at 660-61. Because the specific pleading requirement of Rule 2(c) would have required Mayle to discretely plead "separate congeries of facts" to support the two different claims, the two different claims constituted two different "occurrences." *Id.* As a result, the self-incrimination claim did not relate back. *Id.*

In the instant case, although the legal theory petitioner presents is that the use of his 1986, 1991, and 1997 convictions used for the purpose of enhancement constitutes a breach of the plea agreement that led to each of those convictions, the original petition only pled allegations of a breach of the 1997 plea agreement. (*Compare* ECF No. 4 with ECF No. 37). Although the allegations regarding breach of plea agreement may be similar in legal theory, the new allegations regarding breach of the 1986 and 1991 plea agreements differ from the allegations in the original petition, in both time and type.

First, because a claim for breach of the prior plea agreements would require petitioner to prove the existence of the plea agreements, the terms of the agreements, and the breach of the agreements, the facts proving the existence, terms, and breach of the 1986 and 1991 plea agreements are operative facts of the newly pled claims. *Santobello v. New York*, 404 U.S. 257, 262-63 (1971).

Applying *Mayle* to the newly pled claims, the time to focus on is not only the ripening of the claim (the use of the convictions at sentencing), but on the factual predicate of the claim (the execution of the prior plea agreements). *See Mayle*, 545 U.S. at 660-61. The original petition does not contain factual allegations addressing the 1986 conviction or 1991 conviction, allegations that petitioner executed plea agreements in 1986 and 1991, what the terms of the agreements were, or that the terms were breached. (ECF No. 4). Because the allegations regarding the breach of plea agreements from 1986 and 1991 assert operative facts differing in time from the allegations of the original petition, those claims in the amended petition do not relate back to the original petition.

Second, in light of the nature of a claim for breach of a plea agreement, allegations asserting a breach of the 1991 and 1986 plea agreements differ in type from the allegations asserting a breach of the 1997 plea agreement. When a defendant enters a plea in reliance on a prosecutor's promise to do something, the prosecutor is bound to perform under the terms of the agreement. *See Santobello v. New York*, 404 U.S. at 262-63. As a result, the essential terms of the alleged 1986 and 1991 agreements requiring performance by the prosecutor are essential to those claims and would need to be specifically pled under Rule 2(c). Thus, the nature of the claim petitioner wishes to raise with respect to the 1986 and 1991 agreements differs in type from the allegations for breach of the 1997 plea agreement. Accordingly, the claim asserting breaches of the 1986 and 1991 plea agreements do not relate back to the original petition because they differ in both time and type from the allegations regarding the breach of the 1997 plea agreement. The claims within Ground 1(A) that allege breach of the 1986 and 1991 plea agreements are dismissed as untimely. The claim within Ground 1(A) that alleges a breach of the 1997 plea agreement does relate back to the original petition and respondents will be required to file an answer to this claim, as specified at the conclusion of this order.

**2. Ground 1(B)**

Ground 1(B) asserts an *ex post facto* violation. Petitioner claims that the 2005 amendment to NRS 484.3792, as applied to his case, was an impermissible retroactive application of a new law,

violating the *ex post facto* clause and due process clause of the United States Constitution.  The 2005 amendments to NRS 484.3792 provided for a felony enhancement for a DUI offense committed by a person previously convicted of a felony DUI, regardless of how much time had passed since the prior felony DUI conviction.  Petitioner claims that the 2005 amendment to NRS 484.3792 should not have applied to his prior DUI convictions that had expired past a seven-year time frame, as provided under the former version of NRS 484.3792.  Because this ground of the amended petition is not time-barred or otherwise procedurally defective, respondents are required to file an answer to Ground 1(B) of the amended petition.

### 3. Non-Cognizable State Law Claims

Respondents seek to dismiss portions of Grounds 1(A) and 1(B) that assert Nevada state law claims.  Within Ground 1(A) and 1(B), petitioner alleges violations of various provisions of the Nevada Constitution, provisions of the Nevada Revised Statutes, and Nevada case law.  (ECF No. 37, at pp. 5-33).  Whether a state court properly applied its own law is not a federal constitutional concern subject to review under 28 U.S.C. § 2254.  *See Swarthout v. Cooke*, 131 S.Ct. 859, 862-63 (2011); *Engle v. Isaac*, 456 U.S. 107, 119 (1982).  To the extent that petitioner asks this Court to find that his conviction violates Nevada law, his claim is not cognizable under federal habeas corpus law.  As such, the state law claims are dismissed from the amended petition.

### III. Conclusion

**IT IS THEREFORE ORDERED** that petitioner's motion for issuance of a writ of habeas corpus (ECF No. 58) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion to re-issue the *Klingele* order (ECF No. 67) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion to strike respondents' errata (ECF No. 71), motion to strike the corrected reply (ECF No. 72), and motion to strike respondents' opposition to the motion to re-issue the *Klingele* order (ECF No. 73) are **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion to compel ruling (ECF No. 77) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that respondents' motion to dismiss certain claims of the amended petition (ECF No. 59) is **GRANTED, as follows:**

1. The claims within Ground 1(A) of the amended petition, alleging breach of the 1986 and 1991 plea agreements, do not relate back to the original petition and are dismissed with prejudice as untimely.

2. The claim within Ground 1(A) of the amended petition, alleging a breach of the 1997 plea agreement, does relate back to the original petition and respondents shall file an answer to this claim.

3. The claim within Ground 1(B) of the amended petition, alleging *ex post facto* and due process violations, shall proceed and respondents shall file an answer to the same.

4. Petitioner's state law claims are dismissed from the amended petition as not cognizable in federal habeas corpus proceedings.

**IT IS FURTHER ORDERED** that respondents **SHALL FILE AND SERVE AN ANSWER** to the amended petition within **thirty (30) days** from the entry of this order.  The answer shall include substantive arguments on the merits of Ground 1(A) (alleging a breach of the 1997 plea agreement) and of Ground 1(B) (alleging *ex post facto* and due process violations).  **No further motions to dismiss will be entertained**.

**IT IS FURTHER ORDERED** that petitioner **SHALL FILE AND SERVE A REPLY** to the answer, within **thirty (30) days** after being served with the answer.

Dated this 30th day of August, 2013.

_____
UNITED STATES DISTRICT JUDGE