UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DANIEL W. KAPETON,

        Petitioner,

   vs.

BRIAN E. WILLIAMS, *et al.*,

        Respondents.

3:11-cv-00282-RCJ-VPC

**ORDER**

This habeas petition arises from Petitioner's alleged unconstitutional felony enhancement for a conviction of driving under the influence of alcohol ("DUI") with prior felony DUI convictions on his record. Pending before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus. (ECF No. 37). The State of Nevada ("the State") has filed an Answer (ECF No. 80) and Petitioner replied (ECF Nos. 82, 83).

**I.    FACTS AND PROCEDURAL HISTORY**

In 1997, Petitioner pleaded guilty to two counts of felony DUI in Washoe County, Nevada. (Nov. 14, 1997 Judgment, ECF No. 19-3). Under Nevada law as it stood in 1997, a defendant could be charged with a felony DUI if the defendant had suffered prior DUI convictions within the last seven years. The law was codified at N.R.S. 484.3792.[1] Since Petitioner had prior DUIs on his record in 1997 (arising from convictions in 1991 and 1995), the 1997 offense constituted a felony, which Petitioner does not dispute. (*See id.*).

---

[1] As the parties point out, N.R.S. 484.3792 has been since renumbered to N.R.S. 484C.400 and N.R.S. 484C.410. However, in an effort to be consistent with the parties' briefing and to avoid confusion, the Court refers to the statute by its former citation throughout this Order.

1

1    In 2005, the Nevada legislature amended the relevant DUI laws and removed the
2 seven-year period during which a DUI conviction needed to occur in order to support a felony
3 enhancement for a subsequent DUI offense. 2005 Nev. Laws Ch. 193 (A.B. 421) ("An Act
4 relating to substances causing impairment; providing that once a person has been convicted of a
5 felony for operating a vehicle or vessel while under the influence of alcohol . . . any subsequent
6 violation is treated as a felony . . . ."). Under the amended statute, once an individual has been
7 convicted of a DUI "on any date preceding the date of the principal offense" all subsequent DUI
8 offenses are classified as "a category B felony," which is punishable by a minimum prison term
9 of two years and a minimum fine of $2,000. N.R.S. 484C.410(2).
10    On April 25, 2008, the State filed a criminal information against Petitioner in Elko
11 County, Nevada, charging him with a DUI for an offense that occurred on June 17, 2007 ("the
12 2007 offense"). (Apr. 25, 2008 Criminal Information, ECF No. 19-19). The State charged the
13 offense as a felony under N.R.S. 484.3792 and listed Petitioner's 1997 Washoe County
14 conviction as the purpose for the enhancement. (*Id.* at 2).
15    On July 7, 2008, Petitioner filed a pre-trial petition for writ of habeas corpus challenging
16 the validity of the criminal information, arguing that since the 1997 conviction had not occurred
17 within seven years of the 2007 offense, the felony enhancement was inapplicable. (Memo. In
18 Support of State Writ Petition 3, ECF No. 19-25). Petitioner further argued that the law in 1997,
19 when he pleaded guilty, clearly indicated that the 1997 felony DUI would "expire" in seven
20 years and would not be used for enhancement purposes after that time. (*Id.* at 4). Petitioner thus
21 claimed that the amended statute could not apply to DUIs that had "expired" at the time of
22 amendment. According to Petitioner, since the 1997 felony DUI should have "expired" in 2004

2

due to the previous statutory limit of seven years, the 2005 amendment should not apply to him, and his 2007 DUI should not constitute a category B felony. (*Id.* at 16).

The state district court conducted a hearing and determined that the petition should be denied. Specifically, the court ruled that the 2005 amendment "does not violate due process nor does it violate the prohibition against *ex post facto* laws. The petitioner was put on notice, in 2005, when the amendment to NRS 484.3792 was enacted, that any DUI after a previous conviction of felony DUI is a felony, regardless of the amount of time that passed." (Aug. 11, 2008 Order 3, ECF No. 20-1). The court further stated that the amended statute did not violate the prohibition against ex post facto laws because it did "not seek to punish conduct committed prior to the law change more severely. Instead it punishes conduct committed <u>after</u> the amendment more severely." (*Id.*).

The court found that the Petitioner was presumed to know the state of the law in 2007 and "that he would be facing a category B felony if he was convicted of another DUI." (*Id.*). It did not matter, the court stated, that in 1997 Petitioner's felony DUI conviction could be used as an enhancement for seven years. "The law changed and [Petitioner] is presumed to know that the law changed." (*Id.*). Since the amendment did not punish Petitioner's previous convictions more harshly, the court determined that it only affected future convictions and therefore did not violate either due process or the prohibition against *ex post facto* laws. (*Id.*).

On July 30, 2009, the State filed an amended criminal information that included a notice of intent to pursue an allegation of Petitioner's habitual criminality under N.R.S. 207.010(1)(b). (Amended Criminal Information, ECF No. 20-13). The amended information averred that Petitioner had suffered four previous felony DUI convictions—September 1986, January 1991, and two in November 1997. (*Id.* at 4). The court held a hearing on August 10, 2009 for

1  Petitioner to enter a change of plea, but an agreement was reached instead that if Petitioner
2  pleaded guilty to the 2007 felony DUI, the State would not pursue a habitual offender finding.
3  (Memo. of Plea Agreement 1, ECF No. 20-15).  Petitioner accepted the terms of the agreement,
4  but conditioned the entry of his plea upon the resolution of the appeal of the state district court's
5  decision to deny his petition for writ of habeas corpus. (*Id.* at 1–2).
6       On October 5, 2009, on an offer of proof regarding Petitioner's four prior felony DUI
7  convictions, the state district court sentenced Petitioner to twenty-eight to seventy-two months
8  imprisonment and ordered him to pay a fine of $2,000. (Sentencing Transcript 4–8, ECF No. 20-
9  18).  Judgment was then entered accordingly. (Judgment of Conviction, ECF No. 20-19).  On
10 November 17, 2009, Petitioner filed a notice of appeal asserting that the 2007 DUI felony charge
11 was void because it violated his 1997 plea agreement and because it was based on an
12 enhancement arising from a prior felony DUI that occurred more than seven years before the
13 2007 offense. (Fast Track Statement 3, ECF No. 21-2).
14      On June 9, 2010, the Nevada Supreme Court issued an order of affirmance, expressly
15 affirming the district court's finding that the 2005 amendment "did not violate due process as
16 [Petitioner] was put on notice that the seven year period had been abrogated prior to being
17 charged with the current DUI." (Order of Affirmance 2, ECF No. 21-4).  The court also held that
18 the 2007 felony DUI did not violate the 1997 plea agreement, finding nothing in the record
19 supporting Petitioner's contention that he was promised "limited enhancement consideration of
20 the felonies to which he pleaded in 1997." (*Id.*).
21      On August 2, 2010, Petitioner filed a *pro se* motion for extension of time to file a petition
22 for rehearing in the Nevada Supreme Court. (Mot. for Extension of Time, ECF No. 21-6).  The
23 Nevada Supreme Court considered Petitioner's motion and denied it because he "failed to
24

demonstrate that an 'inadvertence, mistake of fact, or an incomplete knowledge of the circumstances of the case on the part of the court or its officers . . . .'" (Order Denying Motion, ECF No. 21-11 (citation omitted)).

Thereafter, Petitioner filed a petition for writ of certiorari with the United States Supreme Court on September 7, 2010. (Clerk of the Court Letter, ECF No. 21-17). That same month, the state district court issued an order imposing sentence pursuant to the terms of the Judgment of Conviction filed on October 23, 2009. (Order Imposing Sentence, ECF No. 21-18). On November 15, 2010, the Supreme Court denied the petition for writ of certiorari. (Denial of Writ, ECF No. 21-22).

On April 21, 2011, Petitioner filed the pending petition for writ of habeas corpus in this Court. (ECF No. 4). The Court ordered a response to the petition and Respondents filed a motion to dismiss. (ECF No. 18). Petitioner opposed the motion and also filed his own motion for leave to amend his petition. (ECF Nos. 27, 28). The Amended Petition was filed on January 17, 2012. (ECF No. 37). The Court denied the original petition as moot, granted Petitioner's motion to amend the petition, and denied as moot Respondents' motion to dismiss, ordering that the action should proceed on the Amended Petition. (Sept. 21, 2012 Order, ECF No. 52).

On December 5, 2012, Respondents filed a motion to dismiss the Amended Petition. (ECF No. 59). The Court granted the motion in part by dismissing Ground 1(A)'s allegations asserting breaches of Petitioner's 1986 and 1991 plea agreements as untimely, as well as dismissing Petitioner's allegations that his felony DUI conviction for the 2007 offense violated Nevada law. (Aug. 30, 2013 Order, ECF No. 78). The Court, however, denied the motion as to Petitioner's allegations (1) that the use of his 1997 convictions violated the terms of his 1997 plea agreement and (2) that the 2005 amendments to N.R.S. 484.3792 violated due process and

5

the prohibition against *ex post facto* laws. (*Id.* at 11–12). Accordingly, these are the two issues currently before the Court as alleged in Petitioner's Amended Petition.

## II. STANDARD OF REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Rios v. Rocha*, 299 F.3d 796, 799 n.4 (9th Cir. 2002) (recognizing that AEDPA applies to federal habeas petitions filed after April 24, 1996). AEDPA in relevant part states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

To warrant federal habeas relief, the state court's determination must be so unreasonable under federal law that reasonable jurists could not disagree that the result was wrong. *Harrington v. Richter*, 562 U.S. 86, 101 (2011). In other words, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). This is a difficult standard to meet. *Id.* at 102.

Moreover, circuit precedent does not constitute "clearly established Federal law" and "[i]t cannot form the basis for habeas relief under AEDPA." *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012). Only cases decided by the United States Supreme Court can provide justification for granting a habeas petition. *Id.* "[A] state court decision is 'contrary to [the Supreme Court's]

6

clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Court's] cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

The state court, however, "need not cite or even be aware of [Supreme Court] cases under § 2254(d)." *Harrington*, 562 U.S. at 98. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* And where the state court identifies the "correct governing legal principle," "a federal court must assess whether the decision 'unreasonably applies that principle to the facts of the prisoner's case.'" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1399 (2011) (citation omitted).

In determining whether a state court decision is contrary to federal law, a federal court looks to the last reasoned decision in the state courts. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991); *Shakleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001). Furthermore, "a determination of a factual issue made by a State court shall be presumed to be correct," and a petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**III. DISCUSSION**

    **A. Ground 1(A) – Violation of 1997 Plea Agreement**

Petitioner's first contention is that his felony DUI conviction for the 2007 offense is invalid because it violated the terms of his 1997 plea agreement. Petitioner argues that he agreed to plead guilty in 1997 in part based on his understanding that in seven years, the 1997

conviction could not be used as a felony enhancement should he again be charged with a DUI offense. Petitioner believes that the change in the law and its application to his 2007 offense therefore undermines his 1997 guilty plea. The Court disagrees.

It is well-settled "that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). The Nevada Supreme Court, in reviewing the state district court's ruling on Petitioner's state habeas petition, noted that the record was devoid of any indication that Petitioner "was promised limited enhancement consideration of the felonies to which he pleaded in 1997." (Order of Affirmance 2, ECF No. 21-4). AEDPA requires this Court to presume that such a factual finding is correct unless Petitioner can show otherwise by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Petitioner has not carried this burden.

To the contrary, the Court's own review of the 1997 plea agreement showed that not a single reference was made to whether the 1997 felony DUI could be used for enhancement purposes beyond the limitations inherently established by the controlling statute, N.R.S. 484.3792. And to be clear, there was no reference at all to the statute itself within the terms of the 1997 plea agreement. (*See* 1997 Plea Agreement, ECF No. 19-1). Rather, Petitioner's argument is based on his misperception that the seven-year limit on the use of past felony DUIs as a basis for future enhancements was somehow incorporated into his plea agreement because it was the state of the law at that time. Nothing in the former version of N.R.S. 484.3792 or the plea agreement implied that if the law subsequently changed to expand or abolish the limitations period, Petitioner could avoid an enhancement so long as his future offense occurred after 2004.

Under the agreement, the State was "free to argue for an appropriate sentence" and the State agreed to "recommend no more than five years in the Nevada State Prison." (*Id.* ¶ 7). There appear to be no additional constraints or obligations imposed on the State based on the face of the plea agreement. Since "the essence" of additional promises was not "made known" in the agreement, *Santobello*, 404 U.S. at 261–62, the Nevada Supreme Court rightly concluded that they did not exist. Therefore, Ground 1(A) cannot serve as a basis for granting the Amended Petition.

**B. Ground 1(B) – Violation of Due Process and the *Ex Post Facto* Clause**

Petitioner next argues that the Amended Petition should be granted because the 2007 felony DUI charge was the result of an *ex post facto* law that violated due process when applied to his case. Specifically, Petitioner contends that the 2005 amendment is an *ex post facto* attempt by the Nevada legislature to punish more severely past DUI convictions, and he did not have notice in 1997 that his guilty plea might be used for enhancement purposes even after the seven-year period expired in 2004. Neither argument is availing.

The Nevada Supreme Court affirmed the state district court's finding and reasoning that the 2005 amendment did not constitute an *ex post facto* law because it applied prospectively to future DUI offenses despite using past convictions as the basis for a felony enhancement. To reach this conclusion, the state district court cited *Weaver v. Graham*, 450 U.S. 24 (1981). In *Weaver*, the Supreme Court explained that "[t]he *ex post facto* prohibition[2] forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" 450 U.S. at 28 (quoting *Cummings v. Missouri*, 4 Wall. 277, 325–26 (1867)).

---

[2] The prohibition appears twice in the United States Constitution: Article I, Section 9, Clause 3 and Article I, Section 10, Clause 1.

9

"Through this prohibition, the Framers sought to assure that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." *Id.*

The Court finds that the state courts' reliance on *Weaver* was correct and that the principles set forth therein were reasonably applied to Petitioner's case. First, Petitioner's DUI was certainly punishable in 2007 and the State in no way attempted to punish conduct that was "innocent" at the time it was committed. *Stogner v. California*, 539 U.S. 607, 619 (2003). There can be no argument that Petitioner's decision to operate a vehicle on public roads while intoxicated in 2007 violated Nevada law. *See* N.R.S. 484C.120.

Second, the State did not attempt to retroactively impose additional punishment on Petitioner for the 2007 DUI offense. The 2007 version of N.R.S. 484.3792 allowed any past felony DUI conviction to serve as the basis for enhancement regardless of how long ago it occurred. Accordingly, the prescribed punishment at the time of Petitioner's 2007 DUI was two to fifteen years in prison since he had previously been convicted of felony DUI; his sentence corresponded to the statute's text. *See* N.R.S. 484C.410(e).

Petitioner's case is not one where he committed an offense, and then after the offense was committed, the legislature increased the severity of the applicable punishment. *C.f. Peugh v. United States*, 133 S. Ct. 2072, 2084 (2013) (finding violation of the *Ex Post Facto* Clause where amended sentencing guidelines resulted in a longer sentence term than the guidelines applicable at the time the offense was committed). The 2005 amendment did not impact Petitioner's past convictions at all. The change in the law was relevant to Petitioner only if he chose to drive while intoxicated at some point after 2005. Indeed, the 2005 amendment applied solely to future offenses and it cannot be interpreted as punishing his past offenses more harshly. *See id.* at 2085.

Nevertheless, Petitioner argues that the application of the 2005 amendment to him still violates the prohibition against *ex post facto* laws because it removed a statute of limitations that would have otherwise barred the State from considering his past felony DUI convictions. Petitioner cites *Stogner v. California* to support his argument that the 2007 felony enhancement was invalid. In *Stogner*, the Court considered whether a new criminal limitations period that extended the time in which prosecution was allowed violated the Constitution's *ex post facto* clauses. 539 U.S. at 610. The Court held that it did because the law "authorized criminal prosecutions that the passage of time had previously barred." *Id.*

Petitioner's case is not similar to *Stogner*. Petitioner does not contend that the statute of limitations had passed in 2007, during which he could lawfully be charged with a felony DUI. Nor does he assert that driving while intoxicated was retroactively made illegal. Petitioner, however, argues that the amended law "aggravated the crime" and made "it greater than it was, when committed." *Id.* (citing *Calder v. Bull*, 3 U.S. 386, 390 (1798)). That is simply not the case. When Petitioner committed the 2007 offense, N.R.S. 484.3792 unambiguously stated that a past felony DUI committed on "any date" could trigger the enhancement. N.R.S. 484C.410(2).

Furthermore, the 2005 amendment was in place and effective two years before Petitioner's 2007 DUI offense. For this reason, the State's application of the new law did not violate Petitioner's due process rights. In order to comport with the due process requirements of the Constitution, an offender must have notice that the act in which he is engaging is illegal and punishable within certain parameters. *See United States v. Lanier*, 520 U.S. 259, 267–68 (1997) (stating that due process requires "fair warning about the scope of criminal liability" and "advance notice" of the punishment). And importantly, "the law presumes . . . that everyone is aware of the obligations the law imposes on them." *Bibeau v. Pac. Nw. Research Found. Inc.*,

188 F.3d 1105, 1110 (9th Cir. 1999); *see also Pittsburgh & Lake Angeline Iron Co. v. Cleveland Iron Mining Co.*, 178 U.S. 270, 278 (1900) ("Everyone is presumed to know the law.").

Once the Nevada legislature voted to amend N.R.S. 484.3792 and the amendment was signed into law, Petitioner was on notice that if he chose to drive on public roads while intoxicated, his past felony DUI convictions could serve as a basis to enhance any future DUI offense. As such, no due process violation occurred in Petitioner's case. Ground 1(B), therefore, does not justify this Court granting the Amended Petition.

## CONCLUSION

IT IS HEREBY ORDERED that Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 37) is DENIED.

IT IS SO ORDERED.

Dated: March 24, 2015

_____
ROBERT C. JONES
United States District Judge